UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOESPH HILL,

*Plaintiff*,

v.

CHRISTOPHER SCHLEIWET,[1]

*Defendant*.

Case No. 25-CV-3530 (KMK)

ORDER & OPINION

Appearances:

Joesph Hill
Beacon, NY
*Pro se Plaintiff*

James Francis Creighton, Esq.
Westchester County Department of Law
White Plains, NY
*Counsel for Defendant*

KENNETH M. KARAS, United States District Judge:

Joseph Hill ("Plaintiff"), an individual who, at all times relevant to this Action, was incarcerated in Fishkill Correctional Facility, brings this Action against Christopher Schleiwet ("Defendant"), a corrections officer at Fishkill, seeking monetary damages as compensation for an asserted use of excessive force against him by Defendant. (*See* Compl. 2–5 (Dkt. No. 1).) Before the Court is Defendant's Motion to Dismiss the Complaint pursuant to Federal Rule of

[1] The Westchester County Department of Law represents that there is no Officer "Shlewit" (the name used in Plaintiff's Complaint) at Fishkill Correctional Facility, but has determined that Plaintiff likely intended to name Officer Christopher Shleiwet. (Mot. to Dismiss, Supp. Mem. of Law ("Def.'s' Mem.") 1 n.1 (Dkt. No. 18-3).) Accordingly, the Clerk of Court is directed to amend the caption to conform to the above.

Civil Procedure 12(b)(6) (the "Motion"). (*See* Mot. to Dismiss ("Mot.") (Dkt. No. 18). For the reasons that follow, the Motion is granted in part and denied in part.

## I. Background

### A. Factual Background

The facts described herein are taken from Plaintiff's Complaint, (*see* Compl.), and taken as true for the purposes of deciding the instant Motion. *Oklahoma Firefighters Pension & Ret. Sys. v. Banco Santander (Mexico) S.A. Institucion de Banca Multiple*, 92 F.4th 450, 453 (2d Cir. 2024) ("We take these allegations as true at the motion-to-dismiss stage.").

Plaintiff alleges that, on April 25, 2025, he was in his cell at Fishkill Correctional Facility. (Compl. 4.) Around 8:30 to 8:45 AM, he requested to be seen for mental health treatment. (*Id.*) He alleges that Defendant "got upset and entered [his] cell," then "put his hands on [Plaintiff] . . . striking [him] several times." (*Id.*)[2] As a result of the incident, Plaintiff received several bruises to his face and neck. (*Id.* at 5; *see also* Letter from Joseph Hill to Court (May 7, 2025) 2 (Dkt. No. 5) (describing, as the result of a grievance investigation, that Defendant used force against Plaintiff to force Plaintiff back into his cell).) After Defendant left, Plaintiff asked a nearby Sergeant why Defendant hit him. (Compl. at 4.) The Sergeant refused to speak to Plaintiff. (Compl. 4.) Plaintiff requested medical attention from the Block Sergeant, but the Block Sergeant refused to speak to him. (*Id.*) Subsequently, Plaintiff was put in keeplock status "for no reason," and told that he should "not . . . report any of the incident."[3] (*Id.*)

---

[2] In quoting from Plaintiff's filings, although Plaintiff writes primarily in capitalized letters, the Court has adjusted capitalization to conform to standard sentence case for readability.

[3] "The term 'keeplock' refers to disciplinary or administrative confinement in which an inmate is confined to his own cell." *Slacks v. Gray*, No. 07-CV-510, 2009 WL 3164782, at *3

B. Procedural Background

On April 28, 2025, Plaintiff commenced the instant Action. (*See* Compl.) In the Complaint, Plaintiff identifies claims for assault, violation of his Eighth Amendment rights, "verbal harassment," failure to provide medical attention, and cruel and unusual punishment. (*Id.* at 5.) Plaintiff seeks over $1.6 million in monetary damages. (*Id.*)

On November 10, 2025, the Court set a briefing schedule on an anticipated Motion to Dismiss by Defendant. (Order dated Nov. 18, 2025 (Dkt. No. 17).) On December 18, 2025, Defendant moved to dismiss the Action pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot.) The date for Plaintiff's response came and went without any filing, and a document mailed to Plaintiff was returned to sender, identifying the reason for return as "Released." (*See generally* Dkt.; see also Dkt. (entry for returned mail on January 5, 2026).) On February 16, 2026, Defendant filed his reply. (*See* Reply Mem. of Law ("Def.'s Reply") (Dkt. No. 19).)

As Plaintiff failed to file an opposition to Defendant's Motion, the Court deems the Motion fully submitted. *See Hopkins v. Seabrook*, No. 14-CV-600, 2015 WL 685220, at *1 (S.D.N.Y. Feb. 18, 2025) (treating motion as fully submitted and proceeding to resolve it where the plaintiff failed to timely file an opposition); *Ramrattan v. Brown*, No. 12-CV-7818, 2014 WL 2604031, at *2 (S.D.N.Y. June 9, 2014) (same).

---

n.2 (N.D.N.Y. Sept. 29, 2009). Plaintiff's Complaint appears erroneously to refer to "key-lock." (Compl. 4.) The Court assumes that the reference to "key-lock" was a spelling error, and that Plaintiff meant "keeplock."

## II. Discussion

### A. Standard of Review

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his [or her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and internal quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration and internal quotation marks omitted). Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (second alteration in original) (citation omitted) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous

departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.”).

“[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint,” *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and “draw[ ] all reasonable inferences in favor of the plaintiff,” *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie’s Int’l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Additionally, “[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.” *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks omitted); *see also Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (same). Where, as here, a plaintiff proceeds pro se, the “complaint[ ] must be construed liberally and interpreted to raise the strongest arguments that [it] suggest[s].” *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (per curiam) (quotation marks omitted). However, “the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law.” *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (quotation marks omitted); *see also Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) (“[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them.” (italics and quotation marks omitted)).

B. Analysis

1. Eighth Amendment Claim

The Court and Defendant construe Plaintiff's Complaint to raise a claim under the Eighth Amendment to the United States Constitution.[4] Defendant asserts that the Complaint fails to state a claim upon which relief can be granted, on the basis that Plaintiff has alleged neither a sufficiently serious injury nor the requisite mental state to support an Eighth Amendment claim. (Defs.' Mem. 5–8.) Construing Plaintiff's allegations charitably, he seeks to assert an Eighth Amendment claim. In his Complaint, Plaintiff describes three categories of treatment that might be read to assert an Eighth Amendment claim: (1) Defendant's "put[ting] his hands on [Plaintiff]" and "striking [him] several times," leaving bruises on his face and neck, (Compl. 4–5); (2) Defendant's implicit refusal to bring him to be seen for mental health treatment; and (3) the unidentified Block Sergeant's refusal to speak with Plaintiff in response to his request for medical attention, (*see id.* at 4). The Court considers whether any of these allegations is sufficient to support an Eighth Amendment Claim.

a. Defendant's Use of Force Against Plaintiff

An "unnecessary and wanton infliction of pain" violations a plaintiff's Eighth Amendment protection against cruel and unusual punishment. *Whitley v. Albers*, 475 U.S. 312, 319 (quotation marks omitted); *Griffin v. Crippen*, 193 F.3d 89, 91 (2d Cir.1999). "A claim of cruel and unusual punishment in violation of the Eighth Amendment has two components—one subjective, focusing on the defendant's motive for his conduct, and the other objective, focusing on the conduct's effect." *Wright v. Goord*, 554 F.3d 255, 268 (2d Cir.2009) (citing *Hudson v.*

---

[4] As Plaintiff indicated in his Complaint that he is a "[c]onvicted and sentenced prisoner," the Court analyzes his claims under the Eighth Amendment standard. (Compl. 2.)

*McMillian*, 503 U.S. 1, 7–8 (1992); *Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir.1999)). To satisfy the subjective requirement in an excessive force case, the plaintiff must demonstrate that "the defendant had the necessary level of culpability, shown by actions characterized by wantonness in light of the particular circumstances surrounding the challenged conduct." *Wright*, 554 F.3d at 268 (quotation marks omitted). This inquiry turns on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson*, 503 U.S. at 6 (quotation marks omitted); *accord Blyden*, 186 F.3d at 262. "Some factors to consider in determining whether the prison officials unnecessarily and wantonly inflicted pain on Plaintiff include: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response." *Barnes v. Alves*, 58 F. Supp. 3d 296, 304 (W.D.N.Y. 2014) (citing *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993)). The Supreme Court has emphasized that the "core judicial inquiry" in excessive force cases is the nature of the force applied, not "whether a certain quantum of injury was sustained." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam).

Further, "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9–10 (quotation marks omitted). Accordingly, "[t]he objective component [of the Eighth Amendment analysis] . . . focuses on the harm done, in light of 'contemporary standards of decency.'" *Wright*, 554 F.3d at 268 (quoting *Hudson*, 503 U.S. at 8). However, "whenever force

is applied maliciously or sadistically, regardless of [the extent of the resulting] injury, the Eighth Amendment is violated." *Randle v. Alexander*, 960 F. Supp. 2d 457, 472 (S.D.N.Y. 2013).

Defendant argues that the allegations here are insufficient to state an excessive force claim. (Def.'s Mem. 5–8.) The Court disagrees: although the facts alleged are thin, they plausibly allege both the subjective and objective elements at the Motion to Dismiss stage because Plaintiff has "alleged the malicious and sadistic use of force" by Defendant, "which amounts to a *per se* violation of the Eighth Amendment." *Mazyck v. Keller*, 531 F. Supp. 3d 630, 641 (W.D.N.Y. 2021). Namely, Plaintiff has alleged that Defendant "suddenly and for no apparent penological reason," *id.*, "put hands on" Plaintiff and repeatedly punched him in the face and body, hard enough to leave bruising and prompt Plaintiff to seek medical attention, (Compl. 4–5). When "Plaintiff asked . . . why [Defendant]" used force against him, he received no response. *Mazyck*, 531 F. Supp. 3d at 641 (finding it suggestive of malicious and sadistic force that, when the plaintiff asked the defendant why force was used against him, the defendant did not explain himself but offered a response that the plaintiff "was stupid and got blood on him"). Allegations that a defendant "attacked plaintiff without provocation" are suggestive, at least on a motion dismiss, of the "unnecessary and wanton infliction of pain" sufficient to satisfy the subjective element of the Eighth Amendment analysis, and correspondingly alleviate the need to allege a more serious injury. *Varricchio v. Cnty. of Nassau*, 702 F. Supp. 2d 40, 55 (E.D.N.Y. 2010) (concluding that allegations that, on two occasions, a defendant sheriff attacked the plaintiff without provocation, leaving him with cuts and bleeding, were sufficient to satisfy both the subjective and objective elements of the Eighth Amendment analysis on a motion to dismiss pursuant to Rule 12(b)(6)). Nor are there any facts alleged that would permit the Court to conclude that the "alleged force [was used] . . . in a good-faith effort to maintain or restore

discipline." *Id.* (quotation marks omitted); *see also Rashid v. Kurtulus*, No. 23-CV-722, 2023 WL 5672589, at *6 (D. Conn. Sept. 1, 2023) (explaining that, where officers were alleged to have used chemical spray in response to incarcerated person running away, resulting excessive force claim should not be dismissed due to need to "develop[] . . . the record . . . to determine whether the application of force was necessary, what threat was perceived by correctional officers to warrant [the] use of force, [and] what efforts, if any, were made to temper the severity of the response"); *Lewis v. Fischer*, No. 08-CV-3027, 2009 WL 689803, at *6 (E.D.N.Y. Mar. 12, 2009) (explaining that, where the facts alleged do not support the existence of a legitimate law enforcement or penological purpose for the use of force, the force itself may be sufficient evidence to satisfy the subjective element); *Bafford v. Nelson*, 241 F. Supp. 2d 1192, 1202 (D. Kan. 2002) (finding actionable incident where a plaintiff "was restrained and posed no apparent disciplinary threat" but the defendant "beat him" and offered "no innocent explanation or otherwise justified [the] alleged use of force").

Accordingly, the Court determines that Plaintiff's Eighth Amendment claim for excessive force based on the alleged beating by Defendant survives the Motion to Dismiss.

b. Refusal to Bring Plaintiff for Mental Health Treatment

The same cannot be said, however, for any Eighth Amendment claim premised on Defendant's refusal to bring Plaintiff to mental health treatment. In addition to the elements described above for an Eighth Amendment claim premised on the use of force (*i.e.*, subjective motivation and objective harm) a plaintiff alleging an Eighth Amendment violation "in the medical needs context," *Edwards v. Horn*, No. 10-CV-6194, 2012 WL 760172, at *11 (S.D.N.Y. Mar. 8, 2012), must also allege facts sufficient to support the conclusion that the Defendant acted with a "sufficiently culpable state of mind[,]" *Wilson v. Seiter*, 501 U.S. 294, 297 (1991), which

means that he must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference," *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). However, "mere negligence" is insufficient to state a claim for deliberate indifference. *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (quotation marks omitted).

The objective component, too, has an additional requirement: that the alleged deprivation be "sufficiently serious . . . that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir.1996) (citations and quotation marks omitted). "[T]he inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health." *Walker*, 717 F.3d at 125. Analyzing this objective requirement involves two inquiries: "whether the prisoner was actually deprived of adequate medical care," *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006), *overruled in part on other grounds by Kravitz v. Purcell*, 87 F.4th 111 (2d Cir. 2023), and "whether the inadequacy in medical care is sufficiently serious," which in turn "requires the [C]ourt to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner," *id.* at 280 (citation omitted). "There is no settled, precise metric to guide a court in its estimation of the seriousness of a prisoner's medical condition." *Brock v. Wright*, 315 F.3d 158, 162 (2d Cir. 2003); s*ee also Mallet v. New York State Dep't of Corr. & Cmty. Supervision*, 126 F.4th 125, 132 (2d Cir. 2025) (noting "there is no single metric" to determine the severity of a prisoner's medical condition). Nevertheless, the Second Circuit has suggested the following non-exhaustive list of factors to consider when evaluating an inmate's medical condition: "(1) whether a reasonable doctor or patient would perceive the medical need in question as important and worthy of comment or treatment, (2)

whether the medical condition significantly affects daily activities, and (3) the existence of chronic and substantial pain." *Brock*, 315 F.3d at 162.

Taken as true, liberally construed, and interpreted to raise the strongest possible argument, the Complaint fails to state a cognizable Eighth Amendment claim based on failure to treat. Namely, Plaintiff has not alleged *any* facts to support the conclusion that his need for mental health treatment was sufficiently serious to satisfy the objective element. *See Rodriguez-Horvath v. Jackovino*, No. 26-CV-778, 2026 WL 1786284, at *4 (D. Conn. June 22, 2026) ("There is no allegation that Plaintiff suffered from an objectively serious mental health condition."); *see similarly McGee v. Pallito*, No. 10-CV-11, 2014 WL 360289, at *8 (D. Vt. Feb. 3, 2014) (dismissing Eighth Amendment claim based on "short interruptions" in mental health medications for admittedly severe conditions as the symptoms did not "constitute[] an urgent situation that might produce death, degeneration, or extreme pain"); *cf. Jones v. LPC Rodi*, No. 19-CV-1866, 2021 WL 3269090, at *5 (D. Conn. July 30, 2021) (construing allegations that the plaintiff's "mental health condition" was "serious" and the failure to treat "exacerbated" the condition liberally to satisfy the objective element). "Nor do any facts suggest any Defendant was aware Plaintiff was suffering from a serious mental health condition when he asked for mental health staff." *Rodriguez-Horvath*, 2026 WL 1786284, at *4. Therefore, the allegations do not satisfy the subjective element of the Eighth Amendment. *Id.*; *see also Green v. Caron*, No. 21-CV-269, 2021 WL 2206609, at *9 (D. Conn. June 1, 2021) ("[The plaintiff] has not alleged facts that any defendant had awareness about []his condition and its effects on his mental health [as would be required to state an Eighth Amendment claim]."). Accordingly, the facts alleged in the Complaint are insufficient to state any Eighth Amendment claim based on Defendant's failure to respond to Plaintiff's request for mental health treatment.

c. Sergeant and Block Sergeant's Actions

Defendant is not alleged to have any personal involvement in the Sergeant and Block Sergeant's refusal to bring Plaintiff for medical treatment after the beating. Accordingly, any claim based on these allegations against Defendant cannot survive the instant Motion to Dismiss. *See Baltas v. Snyder*, No. 24-CV-1487, 2025 WL 509423, at *12 (D. Conn. Feb. 14, 2025) (declining to consider claim against certain defendants where there were "no plausible allegations regarding the involvement" of these defendants "in [the plaintiff's] health care"), *reconsideration denied*, 2025 WL 1678425 (D. Conn. June 13, 2025). Nor can these allegations be construed to state a claim against any individual other than Defendant, as Plaintiff has not identified the individuals involved in these denials. Accordingly, any claim based upon these allegations is dismissed. *See Gibson v. Burnett*, No. 22-CV-1122, 2026 WL 867138, at *7 (S.D.N.Y. Mar. 30, 2026) (dismissing claim where the operative complaint did not specify which defendant was personally involved in the complained-of conduct); *Betances v. City Comm'r of NYC Corr.*, No. 24-CV-2596, 2024 WL 1858221, at *3 (S.D.N.Y. Apr. 29, 2024) (dismissing complaint at PLRA screening stage, with leave to amend, in part on the basis that "it is unclear against whom Plaintiff's claim for deliberate indifference to his serious medical needs [is] asserted"); *Bishop v. Sposato*, No. 13-CV-2764, 2013 WL 3456931, at *4 (E.D.N.Y. July 9, 2013) ("[The] plaintiff seeks to sue unspecified 'mail room staff' and 'grievance officers.' The allegations in the complaint are insufficient to identify the individuals involved in the conduct of which plaintiff complains. Accordingly, plaintiff's claims . . . are dismissed without prejudice . . . .").

2. Keeplock

For the same reasons described in Section II.B.1.c, *supra*, any claim based on Plaintiff's being placed in keeplock must be dismissed. Plaintiff does not allege that Defendant had any involvement in the decision to place him in keeplock, nor does he identify any other individual in the Complaint who might have been involved in that decision. Accordingly, he has not alleged any Defendant's personal involvement in any claim stemming from this decision, and any claim based on these facts must be dismissed. *See Pedreira v. Calderon,* No. 25-CV-1576, 2026 WL 2321530, at *2 n.3 (D. Conn. Aug. 11, 2026) (noting that allegations of the plaintiff's having been placed in segregation for eleven days for something he did not do, while suggestive of a procedural due process claim, could not succeed because the plaintiff "d[id] not describe which prison official placed [him] in segregation such that the court may discern the personal involvement of that prison official").

3. *Monell* Liability

The Court also considers whether the allegations in the Complaint could be construed to assert a *Monell* claim against Westchester County. "Congress did not intend municipalities to be held liable [under § 1983] unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978); *see also Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986) (holding that a municipality may not be liable under § 1983 "by application of the doctrine of respondeat superior" (italics omitted)). That is, "municipalities may only be held liable when the municipality itself deprives an individual of a constitutional right." *Newton v. City of New York*, 566 F. Supp. 2d 256, 270 (S.D.N.Y. 2008). "[T]o prevail on a claim against a municipality under [§] 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken

under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) (citation omitted). The fifth element reflects the notion that a *Monell* defendant "may not be held liable under § 1983 solely because it employs a tortfeasor." *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). A plaintiff may satisfy the fifth element by alleging one of the following:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees.

*Brandon v. City of New York*, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010) (citations omitted).

Plaintiff has alleged no facts that would allow the Court to identify any "official policy of the municipality," whether formal, *de facto*, or based on a failure to supervise, that would support *Monell* liability. Accordingly, to the extent the Complaint could be read to raise a *Monell* claim, the Court dismisses that claim.

<u>4. State Claims</u>

The Complaint raises state claims for assault and harassment. (*See* Compl.) Defendant has not made any argument in his Motion to Dismiss as to the state law claims. (*See generally* Def.'s Mem.) As Defendant has "ma[d]e no argument that [Plaintiff's] assault and battery claims cannot be maintained alongside [his] excessive force claim[,]" and in recognition that "the legal standard is similar," *Lopez v. County of Suffolk*, No. 23-CV-2230, 2026 WL 2186014, at *11 (E.D.N.Y. July 29, 2026), with respect to the claims which the Court already concluded were adequately pled as to the Eighth Amendment claim, *see* Section II.B.1.a, *supra*, the Court

concludes that these state law claims survive Defendant's Motion to Dismiss. *See also Cosby v. DeJesus*, No. 19-CV-1898, 2020 WL 2559280, at *3 (D. Conn. May 20, 2020) (permitting state law assault and battery claims to survive past PLRA screening stage where Eighth Amendment claim that conferred federal jurisdiction survived).[5]

[5] While it may emerge, at a later point in the proceedings, that Defendant was acting within his scope of employment and the claims are therefore barred by New York Correction Law § 24(1), there are no allegations in the Complaint from which the Court could conclude that Defendant acted within his scope of employment such that this bar would apply. *Cf. Smith v. Aitehenson*, No. 24-CV-01562, 2026 WL 472573, at *5 (N.D.N.Y. Feb. 19, 2026) (explaining that allegations that the defendants were acting within their scope of employment necessitated the dismissal of state law assault and battery claims against prison officials).

III. Conclusion

For the reasons set forth above, the Motion to Dismiss is granted in part and denied in part. In light of the fact that this is the first time Defendant has moved to dismiss Plaintiff's claims on the merits, the dismissal is without prejudice. *Calchi v. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC*, No. 22-CV-1341, 2023 WL 2447399, at *2 (S.D.N.Y. Mar. 10, 2023) ("Because this is the first adjudication of his claims on the merits, Plaintiff's claims are dismissed without prejudice."). If Plaintiff wishes to file an Amended Complaint alleging additional facts and otherwise addressing the deficiencies the Court has identified, Plaintiff must do so within 30 days of the date of this Order. The amended complaint will replace, not supplement, the previous complaints. *See id.*

The failure to timely file an amended complaint may result in the dismissal of this Action with prejudice. The Clerk of the Court is respectfully directed to mail this Opinion and Order to Plaintiff and to terminate the pending Motion at Dkt. No. 18.

SO ORDERED.

Dated: September 29, 2026
White Plains, New York

KENNETH M. KARAS
United States District Judge